**HUNTER PYLE, SBN 191125**
**TANYA P. TAMBLING, SBN 262979**
HUNTER PYLE LAW
428 Thirteenth Street, 11th Floor
Oakland, California  94612

Telephone: (510) 444-4400
Facsimile: (510) 444-4410

hunter@hunterpylelaw.com, ttambling@hunterpylelaw.com

**ALEX G. TOVARIAN, SBN 264547**
LAW OFFICES OF ALEKSEY G. TOVARIAN
50 California Street, Ste. 3325
San Francisco, CA 94111
Telephone: (415) 984-9990
Facsimile:  (415) 520-5830

tovarianlaw@gmail.com

Attorneys for Plaintiff
BRENDA RICHARDSON

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA RICHARDSON,<br><br>Plaintiff,<br><br>vs.<br><br>PERDUE FOODS, LLC and COLEMAN NATURAL FOODS, LLC,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>1. **HARASSMENT (FEHA);**<br>2. **FAILURE TO PREVENT HARASSMENT (FEHA);**<br>3. **DISABILITY DISCRIMINATION (FEHA);**<br>4. **FAILURE TO PROVIDE REASONABLE ACCOMMODATION (FEHA);**<br>5. **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS (FEHA); and**<br>6. **RETALIATION (FEHA).**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff BRENDA RICHARDSON ("Plaintiff") complains and alleges as follows:

## I.    INTRODUCTION

1.    Plaintiff brings this action against Defendants PERDUE FOODS, LLC and COLEMAN NATURAL FOODS, LLC (collectively referred to as "PERDUE") alleging the following claims for violations of the Fair Employment and Housing Act ("FEHA"): 1) Harassment; 2) Failure to Prevent Harassment; 3) Disability Discrimination; 4)Failure to Provide Reasonable Accommodation; 5) Failure to Engage in the Interactive Process; and 6) Retaliation.

2.    Plaintiff endured severe harassment on the basis of her gender on a daily basis for the last few months of her employment with PERDUE.  Two of Plaintiff's co-workers repeatedly told Plaintiff "we pay you for sex."  These two co-workers called Plaintiff "puta whore."  One of these co-workers grabbed Plaintiff's buttocks.  He also made hand motions at Plaintiff that indicated he wanted her to perform oral sex on him.  The other co-worker frequently asked Plaintiff, "How much you charge for sex?  For head?"  He also touched Plaintiff's buttocks while she was on the production line.

3.    Plaintiff complained about the harassment and hostile work environment on multiple occasions to her supervisor and the Human Resources ("HR") Manager.  PERDUE failed to take all steps necessary to prevent the harassment.

4.    As a result, Plaintiff went out on stress leave because she could no longer endure the harassment.  PERDUE terminated Plaintiff while she out on stress leave.

## II.    PARTIES

5.    Plaintiff is currently a resident of Hayward, California in the County of Alameda. PERDUE employed Plaintiff as a Production Line Worker at its Petaluma facility in Sonoma County.

6.    Upon information and belief, PERDUE FOODS, LLC, is a turkey, chicken and pork processing company with its principal office in Salisbury, Maryland.  PERDUE FOODS, LLC is registered to do business in the State of California.

7. Upon information and belief, COLEMAN NATURAL FOODS, LLC, is a subsidiary of PERDUE FOODS, LLC, with headquarters in Golden, Colorado. COLEMAN NATURAL FOODS, LLC, produces organic meats with no antibiotics and then sells its products through retailers.

### III.   JURISDICTION AND VENUE

8. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. section 1332. In addition, this Court has supplemental jurisdiction under 28 U.S.C. section 1367 over Plaintiff's state law FEHA claims, because those claims derive from a common nucleus of operative fact.

9. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. sections 2201 and 2202.

10. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. section 1391(b)(1) because PERDUE "resides" in this district. See 28 U.S.C. § 1391(c)(2). Specifically, the United States District Court for the Northern District of California has personal jurisdiction over PERDUE because PERDUE is registered with the California Secretary of State to do business and is doing business in California, and in this district.

11. Venue is also proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. section 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims in this case occurred in this district.

12. The amount in controversy exceeds $75,000.

### Intradistrict Assignment

13. Intradistrict assignment to the Oakland or San Francisco Division is proper pursuant to Local Rule 3-2(d) because the events giving rise to this action occurred in Sonoma County.

### IV.   EXHAUSTION OF ADMINSTRATIVE REMEDIES

14. Plaintiff has exhausted the applicable remedies available to her under the FEHA by timely filing a complaint regarding the matters described below with the DFEH on June 24, 2016. The DFEH issued a Notice of Case Closure and Right to Sue letter to Plaintiff that same day.

## V.   STATEMENT OF THE CASE

15.   PERDUE hired Plaintiff as a Production Line Worker in January 2015.

16.   Plaintiff is an African American woman.

17.   From the beginning of Plaintiff's employment with PERDUE, Javier LNU ("LNU" means Last Name Unknown), Plaintiff's supervisor, harassed Plaintiff on the basis of her race. It was widely known at PERDUE that Javier treated the African American workers poorly. He held them to a different standard, and treated them with disdain. Javier constantly looked over the shoulders of African American employees and monitored them. This was a humiliation tactic that Javier did not employ with Hispanic workers. Javier subjected Plaintiff to this type of harassment.

18.   Plaintiff repeatedly complained to PERDUE's HR Manager, Barbara Ridilla, about Javier's harassment. In response, Ms. Ridilla eventually transferred Plaintiff to the night shift in the summer of 2015.

19.   As soon as Plaintiff began working the night shift, Chino LNU and Antonio LNU began to sexually harass Plaintiff. They told her "we pay you for sex." They called her "puta whore." Chino grabbed Plaintiff's buttocks. He also made hand motions at Plaintiff that indicated he wanted her to perform oral sex on him. Antonio frequently asked Plaintiff, "How much you charge for sex? For head?" He also touched Plaintiff's buttocks while she was on the production line.

20.   When Plaintiff complained to Javier about the harassment, he responded by saying that Antonio and Chino were just having fun. Javier also told her, "You looked like you enjoyed it."

21.   In the summer of 2015, Plaintiff repeatedly complained to Ms. Ridilla about the sexual harassment as well. Ms. Ridilla responded by telling Plaintiff to write down everything that happened.

22.   In July or August 2015, PERDUE tried to terminate Plaintiff for not calling in one day when she was late. However, Plaintiff provided Ms. Ridilla with proof that she had called in and the issue was dropped. Plaintiff felt that PERDUE was attempting to terminate her because of her complaints about racial and sexual harassment.

23.     In August 2015, Plaintiff met with Ms. Ridilla, Javier and one other woman to discuss Plaintiff's complaints of sexual harassment. After the meeting, Javier told Plaintiff, "I told you that wouldn't get you anywhere."

24.     In the interim, Plaintiff continued to be sexually harassed on the night shift. One evening, Chino came up to Plaintiff's car and knocked on the window. He asked Plaintiff to have sex with him, and then made gestures with his hands and mouth to show the he wanted Plaintiff to perform oral sex on him. Plaintiff was terrified and feared Chino might rape her.

25.     Around September 25, 2015, Plaintiff told Ms. Ridilla that she could not endure the harassment in the workplace any longer. Ms. Ridilla told Plaintiff not to worry and to take some time off. She also told Plaintiff that her job was secure and she could come back any time. Plaintiff went out on stress leave.

26.     In early October, Plaintiff had to return to work for financial reasons. She called Ms. Ridilla and asked to return to work. Ms. Ridilla never returned her call.

27.     Around October 31, 2015, Plaintiff received a termination letter and her final paycheck from PERDUE. The stated reason for her termination was "no call, no show."

## VI.     CLAIMS FOR RELIEF

### FIRST CLAIM OF RELIEF
**Harassment in Violation of Gov't Code §12940**
**(Against ALL defendants)**

28.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

29.     California Government Code section 12940(j) provides that it shall be unlawful for an employer to harass an employee.

30.     California Government Code section 12940(j) further provides that harassment of an employee, "by an employee, other than an agent or supervisor, shall be unlawful if the entity, or its

agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action."

31.   California Government Code section 12940(j)(1) further provides that employers are strictly liable for harassment committed by supervisors.

32.   Plaintiff was employed by PERDUE when she was being harassed by PERDUE's employees because she is a woman and an African American.  Javier LNU was her supervisor.

33.   Plaintiff was subjected to unwanted harassing conduct that included unwanted touching and comments.

34.   The harassing conduct was severe or pervasive.

35.   A reasonable person in Plaintiff's circumstances would have considered the harassment to be hostile or abusive.

36.   Plaintiff considered the work environment to be hostile or abusive.

37.   Employees of PERDUE, including, but not limited to, Chino LNU, Antonio, LNU and Javier LNU, engaged in the harassing conduct.

38.   PERDUE's agents, and/or Plaintiff's supervisors knew or should have known of the harassing conduct and failed to take immediate and corrective action.

39.   In committing these actions, all the defendants violated the FEHA.  Plaintiff was harmed by the actions of PERDUE.  All of the PERDUE's actions were a substantial factor in causing Plaintiff's harm.

40.   PERDUE committed the acts alleged herein oppressively and maliciously, with the wrongful intention of injuring Plaintiff, from an evil and improper motive amounting to malice, and in conscious disregard of Plaintiff's rights, in that Javier LNU, Antonio LNU, Chino LNU and other employees of PERDUE harassed Plaintiff, and PERDUE failed to take corrective action to prevent the harassment of Plaintiff, despite the fact that PERDUE knew about the harassment.  Thus, Plaintiff is entitled to recover punitive damages from all the defendants.

41.    As a direct, foreseeable and proximate result of the acts of PERDUE, Plaintiff has suffered damages in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment against PERDUE as set forth below.

## SECOND CLAIM OF RELIEF
### Failure to Prevent Harassment, Discrimination & Retaliation
### in Violation of Gov't Code § 12940
### (Against ALL defendants)

42.    The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

43.    California Government Code section 12940(k) provides that it shall be unlawful for an employer to fail to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring.

44.    Plaintiff was employed by PERDUE.

45.    Plaintiff was subjected to harassing, discriminatory, and retaliatory conduct because of her protected status as a woman, and an African American.

46.    PERDUE knew or should have known of the harassing, discriminatory, and retaliatory conduct and failed to take all reasonable steps necessary to prevent the discrimination, harassment, and retaliation from occurring.

47.    Plaintiff was harmed.

48.    The failure of PERDUE to take reasonable steps to prevent discrimination, harassment, and retaliation was a substantial factor in causing Plaintiff's harm.

49.    PERDUE committed the acts alleged herein oppressively and maliciously, with the wrongful intention of injuring Plaintiff, from an evil and improper motive amounting to malice, and in conscious disregard of her rights under the FEHA, in that PERDUE failed to prevent discrimination, harassment, and retaliation. Thus, Plaintiff is entitled to recover punitive damages from PERDUE.

50.    As a proximate result of the acts of PERDUE, Plaintiff has suffered damages in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment against PERDUE set forth below.

### THIRD CLAIM FOR RELIEF
### DISABILITY DISCRIMINATION
### (Government Code § 12940)
### (Against ALL Defendants)

51.    The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

52.    Plaintiff is and was disabled, and is thus a member of a class of persons protected by the FEHA from employment discrimination on the basis of disability.  Plaintiff was disabled under California Government Code section 12926.1(b).  Plaintiff suffered from stress.

53.    PERDUE knew that Plaintiff suffered from stress.

54.    Plaintiff was able to perform the essential job duties with reasonable accommodation for her disability.

55.    PERDUE terminated Plaintiff.

56.    Plaintiff's disability was a substantial motivating factor in PERDUE's decision to terminate her.

57.    Plaintiff was harmed when PERDUE discriminated against her on the basis of her disability.

58.    PERDUE's conduct was a substantial factor in causing Plaintiff's harm.

59.    As a proximate result of the acts of PERDUE, Plaintiff has suffered damages in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment against PERDUE as set forth below.

//

//

## FOURTH CLAIM FOR RELIEF
### FAILURE TO PROVIDE REASONABLE ACCOMMODATION
### (Government Code § 12940)
### (Against ALL Defendants)

60.    The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

61.    California Government Code section 12940(m) provides that it is unlawful for any employer to fail to make reasonable accommodation for the known disability of an employee.

62.    Plaintiff was an employee of PERDUE.

63.    Plaintiff had disabilities which substantially limited the following major life activities: working.  PERDUE knew of Plaintiff's disabilities that limited her ability to work.

64.    Plaintiff was able to perform the essential job duties of her position with reasonable accommodation.

65.    PERDUE failed to meet its duty to provide reasonable accommodations for Plaintiff's known disabilities and instead terminated her.

66.    Plaintiff was harmed by PERDUE's failure to reasonably accommodate her disabilities.

67.    PERDUE's failure to provide reasonable accommodation was a substantial factor in causing Plaintiff's harm.

68.    As a direct, foreseeable and proximate result of the acts of PERDUE, Plaintiff has suffered damages in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment against PERDUE as set forth below.

## FIFTH CLAIM FOR RELIEF
### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS
### (Government Code § 12940)
### (Against ALL Defendants)

69.    The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

70.    California Government Code section 12940(n) provides that it is unlawful for any employer or covered entity to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any.

71.    PERDUE knew that Plaintiff had disabilities which substantially limited the following major life activities: working.

72.    Plaintiff requested that PERDUE make reasonable accommodations for her disabilities so that she would be able to perform the essential job requirements.

73.    Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodations could be made so that she would be able to perform the essential job requirements.

74.    PERDUE failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations for her known disabilities, and eventually terminated Plaintiff's employment.

75.    As a result of PERDUE's failure to engage in the interactive process, Plaintiff was harmed.

76.    PERDUE's failure to engage in the interactive process was a substantial factor in causing Plaintiff's harm.

77.    As a direct, foreseeable and proximate result of the acts of PERDUE, Plaintiff has suffered damages in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment against PERDUE as set forth below.

### SIXTH CLAIM FOR RELIEF
**RETALIATION IN VIOLATION OF THE FEHA**
**(Government Code § 1940(h))**
**(Against ALL Defendants)**

78.    The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

---

RICHARDSON v. PERDUE FOODS, LLC, *et al.*
**COMPLAINT**
-10-

79. California Government Code section 12940(h) provides that it is unlawful for any employer or covered entity to retaliate against an employee for engaging in a protected activity.

80. Plaintiff engaged in protected activity when she requested reasonable accommodations.

81. PERDUE terminated Plaintiff.

82. Plaintiff's requests for an accommodation were substantial motivating reasons for PERDUE's decision to terminate Plaintiff.

83. Plaintiff was harmed.

84. PERDUE's conduct was a substantial factor in causing Plaintiff's harm.

85. As a direct, foreseeable and proximate result of the acts of PERDUE, Plaintiff has suffered damages in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment against PERDUE as set forth below.

## DAMAGES

86. As a proximate result of the conduct by PERDUE, Plaintiff has suffered and continues to suffer economic loss.

87. As a further proximate result of the conduct by PERDUE, Plaintiff has suffered emotional and mental distress, fear, anxiety, humiliation and embarrassment.

88. Plaintiff was required to retain private counsel to vindicate her rights under law. Plaintiff is therefore entitled to an award of all attorneys' fees incurred in relation to this action for violation of her civil rights.

WHEREFORE, Plaintiff requests relief from PERDUE as follows:

1. For compensatory damages for lost past and future wages, earnings, and benefits, according to proof;

2. For general damages for humiliation, mental anguish and emotional distress, according to proof;

3. For consequential damages, according to proof;

4.    For reasonable attorneys' fees, according to proof;

5.    For reasonable costs, according to proof;

6.    For interest;

7.    For such other and further relief as the Court may deem just and proper.

Dated: June 16, 2017                                 HUNTER PYLE LAW


                                                     By: /s/: Tanya Tambling
                                                            Tanya Tambling

                                                     Attorneys for Plaintiff
                                                     BRENDA RICHARDSON

RICHARDSON v. PERDUE FOODS, LLC, *et al.*
COMPLAINT
-12-

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial.


Dated: June 16, 2017                                    HUNTER PYLE LAW


                                                       By: : /s/: Tanya Tambling
                                                              Tanya Tambling

                                                       Attorneys for Plaintiff
                                                       BRENDA RICHARDSON

---

RICHARDSON v. PERDUE FOODS, LLC, *et al.*
COMPLAINT
-13-